IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

       Plaintiff,       ORDER

 v.

                    14-cr-24-bbc

KRISTEN SMITH,

       Defendant.
_____

  The court has begun drafting jury instructions and voir questions to circulate to the parties prior to their July 9, 2014 submission deadline for the final pretrial conference. This exercise has led to two preliminary observations: the charge in the superseding indictment is both underinclusive and overinclusive  The first is a substantive concern, the second is not.

  Starting with underinclusiveness, the superseding indictment, dkt. 53, does not contain this language from § 1201(a)(1):

> Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, decoys, kidnaps, abducts, or carries away ***and holds for ransom or reward or otherwise*** any person . . .

The Seventh Circuit has identified this italicized language as a separate and necessary element of a § 1201(a) charge:

> To obtain a kidnapping conviction, the government must prove that the defendant (1) seized the victim; (2) held the victim "for ransom or reward or otherwise"; and (3) transported the victim in interstate commerce.
>
>            \* \* \*
>
> This "holding" requirement is an essential element of kidnapping and must be established in every case. Furthermore, the Supreme Court has said that the "holding" requirement "necessarily implies an unlawful physical or mental restraint for an appreciable period." *Chatwin v. United States*, 326 U.S. 455, 460 (1946).

  *United States v. Larsen*, 615 F.3d 780, 787 (7th Cir. 2010), citations omitted.

  Failure to prove an essential element of the crime at trial requires acquittal with prejudice. *E.g., United States v. Thornton*, 539 F.3d 741, 751 (7th Cir. 2008)(government's failure to prove the element of intimidation in a trial for attempted bank robbery results in reversal of the conviction and entry of a judgment of acquittal).

As for overinclusiveness, the government has included five of the seven verbs in the charging statute, 18 U.S. C. §1201(a)(1), which seems to be redundant and cluttered. As the court will instruct the jury, the government only needs to prove one of the charged acts of "seizing, confining, kidnaping, abducting or carrying away K.P." *See, e.g., United States v. Cox*, 536 F.3d 723, 726-27 (7th Cir. 2008) (government must charge conjunctively, may prove disjunctively). There are no pattern definitions of these terms in the Seventh Circuit, but The Free Dictionary[1] provides these definitions:

kidnap: "to seize and detain unlawfully and usually for ransom"

abduct: "to carry off by force; kidnap"

seize: "1. to grasp suddenly and forcibly; take or grab"

confine: "2. to shut or keep in, especially to imprison; (3) to restrict in movement."

carry: "2.a. to take from one place to another; transport"

away: "1. From a particular . . .place"

Why Congress included so many arguably redundant terms in the statutes is unknown, but at least on the facts of this case, providing the jurors with so many disjunctive, overlapping acts may not be particularly clear or helpful to them. That said, if the government wants the jury instructed on every one of these variations, the court can do that.

Having offered these preliminary observations, the court leaves it to the parties to determine what, if anything, they want to do about these things.

Entered this 27th day of June, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

---

[1] www.thefreedictionary.com, accessed June 27, 2014. At least the government dropped "inveigle" and "decoy," which are palpably inapplicable to this case.