IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

               Plaintiff,                               ORDER

v.                                                           14-cr-24-jdp

KRISTEN SMITH,

               Defendant.

---

A final hearing was held in this case on July 22, 2014, before United States District Judge James D. Peterson. The government appeared by Assistant United States Attorneys Stephen Sinnott and Julie Pfluger. Defendant Kristen Smith appeared in person and by counsel, Matthew Noel.

The court arraigned defendant on the second superseding indictment. Defendant entered a plea of not guilty.

The court ruled on evidentiary issues as follows:

1. The government's motion for judicial notice of the temperature in Iowa City, Dkt. 66, was unopposed and is GRANTED.

2. The government's motion in limine No. 1, Dkt. 69, concerning polygraph test results, any insanity defense, and any defense expert evidence, was unopposed and is GRANTED.

3. The government's motion in limine No. 2, Dkt. 69, concerning the 911 call, was unopposed and is GRANTED, subject to the agreed redactions of the grandmother's comments concerning defendant.

4. The government's motion in limine No. 3, Dkt. 69, concerning references to potential penalties, was unopposed and is GRANTED.

5. The court addressed government's notice of intent to use two prior convictions for impeachment of the defendant, Dkt. 67. The government clarified that the convictions are misdemeanors, but the defense acknowledged that the convictions were for crimes that involved dishonest acts or false statements. Accordingly, pursuant to Fed. R. Evid. 609, if the defendant testifies, the prior convictions may be used by the government for impeachment.

6. The court addressed government's notice of intent to use the Texas warrant for non-character purposes pursuant to Fed. R. Evid. 404(b), Dkt. 67. The government clarified that it would not seek to introduce the warrant itself, and that no references to the nature of the charge will be included in any testimony or other evidence. With this restriction, the defense did not object to the proposed use of the Texas warrant.

The court discussed the post-trial jury instructions, indicating that it would take up the final editing of the post-trial instructions during the trial. The government requested that the defense voice any objection to the instructions on the elements of the crime charged; the defense indicated that it had no objection to the instructions on the elements of the crime. Both sides indicated that they had no objections to the pretrial instructions.

As for voir dire, the court asked for input concerning any particularly sensitive information that might have been included in media accounts of this case. As I indicated at the hearing, the jury will hear the nature of the charge and the basic facts of the case early in the trial, so prior knowledge of those facts is not inherently prejudicial. If counsel discovers or recalls any other particularly sensitive information that has been reported in the media, counsel should bring this information to my attention before jury selection.

The court addressed its previous order, Dkt. 44, concerning media coverage during the trial. The court will permit the use of electronic devices during trial, subject to these restrictions:

(1) no electronic devices will be used during jury selection; (2) no photography or recording of audio or video at any time; (3) each person using an electronic device must be specifically approved by the court; and (4) all users of electronic devices will sit in an area designated by the court. As previously indicated, if the use of electronic devices becomes a distraction, I will prohibit further use.

For clarity, I provide some housekeeping details not addressed at the final conference. Trial days will begin at 9:00 a.m. and will run until 5:30 p.m., with at least an hour for lunch, a short break in the morning, and another short break in the afternoon. Counsel are either familiar with the court's visual presentation system or will make arrangements with the clerk for some instruction on the system. Counsel should use the microphone at all times and address the bench with all objections. If counsel need to consult with one another while court is in session, they should ask permission to do so. Only the lawyer questioning a particular witness may raise objections to questions put to the witness by the opposing party and argue the objection at any bench conference.

Counsel are advised to check the court's calendar for the location of the trial, as we will likely not be in courtroom 360.

Entered this 23rd day of July, 2014.

BY THE COURT:

/s/
JAMES D. PETERSON
District Judge